IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| BRANDEN ENGLE,<br>on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br>v.<br><br>FIRSTMED EMS, LLC,<br><br>                      Defendant. | Civ. Case No.:<br><br>7:13-cv-00263 |

**CLASS ACTION COMPLAINT FOR**
**<u>VIOLATION OF WARN ACT, 29 U.S.C. § 2101, *et seq*.</u>**

Plaintiff BRANDEN ENGLE ("Plaintiff") alleges on behalf of himself and a class of similarly situated former employees against FirstMed EMS, LLC ("FirstMed" or "Defendant") by and through his counsel as follows:

**<u>NATURE OF THE ACTION</u>**

1. Beginning on or about December 6, 2013, and within ninety (90) days of that date, FirstMed terminated without notice the employment of approximately 2,000 full-time employees.

2. Plaintiff brings this action on behalf of himself, and other similarly situated former employees who were terminated without cause by FirstMed, as part of, or as the foreseeable result of, plant closings or mass layoffs, and who were not provided 60 days advance written notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.

3. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendant.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

5. This court has personal jurisdiction over Defendant FirstMed EMS, LLC because it resides here, and is incorporated in the State of North Carolina.

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1391 because Defendant FirstMed EMS, LLC resides and conducts business here.

## THE PARTIES

*<u>Plaintiff</u>*

7. At all relevant times, Plaintiff was employed by Defendant.

8. Mr. Engle worked at Defendant's facility at 745 MedCorp Drive, Toledo Ohio 43608 (the "Ohio Facility") until his termination on or about December 6, 2013.

9. At all relevant times, the other similarly-situated former employees worked at the Ohio Facility or facilities owned and operated by Defendant in Ohio, North Carolina, South Carolina, West Virginia, Kentucky, Virginia and other states, (together, the "Facilities"), as that term is defined by the WARN Act, until their terminations within 90 days of December 6, 2013.

*<u>Defendant</u>*

10. Defendant FirstMed EMS, LLC is a North Carolina corporation with its principal place of business located at 379 North Front Street, Wilmington, North Carolina, and conducted business in this district.

11. Defendant is in the business of providing emergency medical services and transportation.

2
Case 7:13-cv-00263-BO   Document 1   Filed 12/10/13   Page 2 of 8

12. Upon information and belief, Defendant FirstMed EMS, LLC does business under various names, including MedCorp, TransMed, and Life Ambulance.

13. Upon information and belief, Enhanced Equity Fund II, LLP owns 100 percent of the shares of FirstMed EMS, LLC.

14. Upon information and belief and at all relevant times, Enhanced Equity Fund II, LLP is the ultimate owner of Defendant.

## **CLASS ALLEGATIONS, 29 U.S.C. § 2104**

15. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on his own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at or reported to Defendant's Facilities and were terminated without cause beginning on or about December 6, 2013, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings by Defendant beginning on or about December 6, 2013, and within 90 days of that date, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

17. On information and belief, the identity of the members of the class and the recent residence address of each WARN Class Member is contained in the books and records of Defendant.

18. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

19. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    i. whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

    ii. whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    iii. whether Defendant unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act.

20. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class Members, worked at or reported to one of Defendant's Facilities and was terminated by Defendant without cause beginning on or about December 6, 2013, and within 90 days of that date, in mass layoffs and/or plant closings, as defined by 29 U.S.C. § 2101(a)(2), (3).

21. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

22. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

23. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

24. The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

25. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

26. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

27. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

28. Defendant controlled the decisions culminating in the termination of the Plaintiff and the other similarly-situated employees on or about December 6, 2013, and within 90 days of that date.

29. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least one hundred of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

30. Plaintiff and similarly-situated employees had worked for more than six-months for Defendant prior to December 6, 0213 and each worked more than 20 hours per week on average.

31. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

32. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l (a)(5).

33. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

34. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

35. The Plaintiff and each of the Class Members are "aggrieved employees" of Defendant, as that term is defined in 29 U.S.C. § 2104 (a)(7).

36. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

E. Such other and further relief as this Court may deem just and proper.

Dated: December 10, 2013

Respectfully submitted,

/s/ Jack A. Raisner
Jack A. Raisner
NY State Bar No. JR6171
René S. Roupinian
NY State Bar No. RR3884
Attorneys for Plaintiff and the Putative Class
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
JAR@outtengolden.com
RSR@outtengolden.com
Telephone: (212) 245-1000
Facsimile: (212) 977-4005


s/Algernon L. Butler, III
Algernon L. Butler, III
Attorney for Plaintiff and the Putative Class
BUTLER & BUTLER, L.L.P.
P. O. Box 38
Wilmington, NC 28402
Telephone: (910) 762-1908
Facsimile: (910) 762-9441
NC State Bar No. 20881
Local Civil Rule 83.1 Counsel